FILED

08/21/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 17, 2019 Session

**STATE OF TENNESSEE v. JAMES MITCHELL**

**Appeal from the Circuit Court for Wayne County**
**No. 15744     Stella L. Hargrove, Judge**

_____

**No. M2018-00368-CCA-R3-CD**

_____

Defendant, James Mitchell, entered a plea of guilty to possession with intent to sell more than .5 grams of methamphetamine. The trial court sentenced Defendant as a Range I, standard offender, to eight years. Defendant attempted to reserve a certified question of law under Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure, challenging the trial court's denial of his motion to suppress the evidence seized after a search of his person that occurred when he arrived by car at another person's home which was being searched pursuant to a search warrant. After review, we conclude that this Court does not have jurisdiction to address the certified question because the certification did not meet the requirements of *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988). The appeal is, therefore, dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Brandon E. White, Columbia, Tennessee (on appeal) and Hershell Koger, Pulaski, Tennessee (at trial) for the appellant, James Mitchell.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Beverly White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I.     **Factual Background**

Defendant filed a motion to suppress the evidence seized during a search of his person, alleging the following grounds:

Defendant submits that the search of Defendant's person was unlawful on the following bases to wit: The search was warrantless, the search was beyond the scope of the search warrant; the search warrant was overbroad; the search warrant did not apply to the Defendant's person; the detention of the Defendant was unlawful; the search of the Defendant was unlawful; the degree of the search of the Defendant was unlawful.

Following a hearing, the trial court denied Defendant's motion to suppress.

At the suppression hearing, Investigator Dusty Malugen of the Wayne County Sheriff's Office testified that on July 7, 2015, he obtained a search warrant for the residence of Arnold Stevens located at 199 Jennifer Lane in Collinwood. Investigator Malugen noted that a confidential informant ("CI") had previously gone to the residence on July 6, 2015, and purchased "illegal narcotics" from Mr. Stevens and Jodie Cox. He said that "approximately nine pounds of marijuana, Schedule I LSD acid, several drug paraphernalia, firearms, et cetera" were found during the search. Investigator Malugen noted that Defendant was not at the residence when they began executing the warrant. He said that Defendant pulled into the driveway during the search in a red Ford Bronco II, and Ms. Cox was in the vehicle with him. Investigator Malugen testified that the property was "in the middle of nowhere," and the residence was at a "dead end." He had no doubt that Defendant was going to the home since it was highly unlikely a person would inadvertently drive to the home. Another female, Bailey Atkinson, was also in the vehicle with Defendant and Ms. Cox. Deputy Malugen knew that Ms. Cox had outstanding warrants for her arrest.

Investigator Malugen testified that Ms. Cox was removed from the vehicle and taken into custody. He also had Defendant get out and stand next to his Bronco. He said: "For officer safety, I did a pat down on [Defendant]." To his knowledge, he did not place his hands inside Defendant's pockets. Investigator Malugen further testified: "I have made it a common habit to ask them if they have any weapons, firearm, anything like that on them. [Defendant] said he did have a knife in his pocket." He asked Defendant to remove the knife very slowly. Defendant then pulled the knife out along with a bag of methamphetamine that was later determined to weigh five grams. Investigator Malugen believed that another deputy checked Ms. Atkinson for weapons.

On cross-examination, Investigator Malugen testified that they had just begun executing the search warrant when Defendant pulled up. He said that Steven Stults also arrived in another vehicle. He noted that Ms. Cox had outstanding warrants. Investigator Malugen testified that he did not find anything when he did a "pat-down search" of Defendant but he did feel something. He said that at that point he was "not digging." He then asked Defendant about any weapons, and Defendant pulled out the knife along with the bag of methamphetamine. Investigator Malugen asked Defendant to empty all of his

pockets, and Defendant had $1,148.00 in his left front pocket. He agreed that $260 of that amount was identified as "marked buy money from some previous transaction[.]" Investigator Malugen acknowledged that while the bag of methamphetamine and money were noted on the inventory sheet, the knife was not. He said that the inventory of Defendant's vehicle included a radio, floor mats, wheel covers, and a knife. Investigator Malugen did not know if the knife was the same one that Defendant removed from his pocket. He admitted that his report of the incident indicated that he conducted a pat down, and drugs were found in Defendant's right pocket, and the money was found in Defendant's left pocket. There was no mention of a knife or a conversation about weapons in the report. Investigator Malugen testified that he did not find the bag of drugs during the pat-down search of Defendant.

On redirect examination, Investigator Malugen denied putting his hands inside Defendant's pockets. He agreed that his paperwork from the incident was sloppy. Investigator Malugen testified that he placed Defendant under arrest after seeing the drugs.

Defendant testified that he pulled into the driveway on Jennifer Lane, and Ms. Cox was riding in the front seat. Another female was in the back seat. He said that the driveway to the house was "pretty isolated, and at least a quarter of a mile long." Defendant said that he did not immediately see any police vehicles or officers as he approached the residence. He testified that he stopped his vehicle, and "[t]hey came from all directions, from both sides of the truck and opened the doors, pulled us out, and told me we was under arrest and handcuffed us." Defendant said that the officers came out of the ditch on each side of the vehicle with their guns drawn. He further said that the officers "turned me around up against the vehicle and handcuffed me behind my back." He was told that the officers had a search warrant. Defendant testified that one of the officers patted him down and then pulled money from his left pocket and a bag of methamphetamine from his right pocket. He admitted that he also had a Case knife in his right pocket.

Defendant testified that he did not recall Investigator Malugen asking if he had any weapons. Defendant also said that he did not reach into his own pocket and pull out the knife along with the bag of methamphetamine. He said that everyone else in the vehicle was also handcuffed, but he did not see if they were searched as well. Officers did not arrest the other woman in the vehicle with him.

The trial court denied Defendant's motion to suppress. Thereafter, on February 7, 2018, Defendant entered into a negotiated plea agreement under Rule 11(c) of the Tennessee Rules of Criminal Procedure, in which he pled guilty to possession with intent to sell more than .5 grams of methamphetamine. The plea was accepted by the trial court.

As part of his plea, Defendant attempted to reserve the right to appeal a certified question of law dispositive of the case pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure. The judgment of conviction form entered on February 7, 2018, contained the following notation within the special conditions section: "Parties agree to reserve certified question of law. Incorporated by reference into the judgment is the 'Agreed Order Reserving Certified Question of Law' and the agreements stated therein." The agreed order contains the following, designated as the certified question of law:

> Did the trial court err in overruling the Defendant's Motion to Suppress – Unlawful Search? Specifically, did the trial court err in ruling that the search of Defendant was not beyond the scope of the search warrant; that the search warrant was not overbroad; that the search warrant did apply to the Defendant's person; that the detention of the Defendant was not unlawful; that the search of the Defendant was not unlawful; that the degree of the search of the Defendant was not unlawful; and, that the search of the Defendant was not warrantless?

The State argues initially on appeal that the question is not properly before this Court because Defendant has failed to comply with the prerequisites for reserving a certified question of law. We agree.

## II.    Reservation of Certified Question of Law

Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure provides that a defendant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

> (i)    the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii)    the question of law as stated in the judgment or order reserving the certified question of law identifies clearly the scope and limits of the legal issue reserved;
>
> (iii)    the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (iv)    the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

*See also State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003); *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988).

Additionally, in *Preston,* our supreme court explicitly provided prerequisites to appellate consideration of a certified question of law under Rule 37(b)(2)(A), stating:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to [Tennessee Rule of Criminal Procedure] 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case.

*Preston*, 759 S.W.2d at 650.

Failure to properly reserve a certified question of law pursuant to *Preston* will result in the dismissal of the appeal. *State v. Pendergrass*, 937 S.W.2d 834, 838 (Tenn. 1996). The burden is on the defendant to see that the prerequisites are in the final order and that the record brought to the appellate court contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. *Preston*, 759 S.W.2d at 650.

In *Armstrong*, our supreme court reiterated that strict compliance with *Preston* is required:

> [O]ur prior decisions demonstrate that we have never applied a substantial compliance standard to the *Preston* requirements as urged by the defendant in this case. To the contrary, we have described the requirements in *Preston* for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure as "explicit and unambiguous." Moreover, we agree with the State that a substantial compliance standard would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of *Preston*. We therefore reject the defendant's argument that substantial compliance with the requirements set forth in *Preston* is all that is necessary in order to appeal a certified question of law.

*Armstrong*, 121 S.W.3d at 912 (citations omitted).

The certified question fails to clearly state the actual reasons the trial court denied the motion to suppress. The trial court denied the motion on the basis that there was reasonable suspicion to conduct a warrantless investigatory stop of Defendant's vehicle and to pat down Defendant for the safety of law enforcement officers.

Despite this limited ruling by the trial court, Defendant's "scatter gun" approach to drafting a certified question of law utterly failed to hit the target. Four of the submitted "issues" dealt with the search warrant, which was not part of the trial court's basis to deny the suppression motion. The two remaining "issues" were overbroad and/or vague assertions that the trial court erred by finding that: (1) the detention of Defendant was not unlawful and (2) the search of Defendant was not unlawful. Defendant's drafting of the issue leaves this court to determine whether he is referencing the initial stop, the length of time between the stop and the arrest, or whether removing Defendant from his vehicle was an unlawful detention. A general assertion that a search is unlawful, without any further specificity, is inadequate. A lawful search of a person can be accomplished by a valid search warrant or pursuant to one or more of the multiple exceptions allowing for warrantless searches. From the wording of the purported certified question, Defendant wants this court to comb the record and find a reason to give him relief. We cannot do this.

Defendant bears the burden of "reserving" articulating, and identifying the issue." *Pendergrass*, 937 S.W.2d at 838. "[T]he [certified] question of law **must be stated** so as to clearly identify the scope and the limits of the legal issue reserved." *Preston*, 759 S.W.2d at 650 (emphasis added).

We are without jurisdiction to review the merits of Defendant's claim because he has failed to properly reserve his certified question of law. *Pendergrass*, 937 S.W.2d at 838. Accordingly, the appeal is dismissed.

**CONCLUSION**

Because of Defendant's failure to properly frame his certified question of law, this Court is unable to reach the merits of Defendant's claim as this Court has no jurisdiction to entertain this appeal.  *See* Tenn. R. Crim. P. 37(b)(2)(A)(ii).  Accordingly, this appeal is dismissed.

_____
THOMAS T. WOODALL, JUDGE